IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON HYMES, | ) | Case No. 1:22-cv-2010 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| WARDEN, DOUGLAS FENDER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2. On November 7, 2022, Petitioner Jason Hymes ("Hymes") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1) Before the Court is Respondent Douglas Fender's Motion to Dismiss. (Doc. No. 6) For the reason that follow, the undersigned recommends that Respondent's Motion to Dismiss be DENIED AS MOOT and Respondent be ordered to provide a substantive response to Hymes' petition.

On December 9, 2022, Respondent moved to dismiss Hymes' petition. (Doc. No. 6) In the motion, Respondent argues that Hymes failed to exhaust his state court remedies because Hymes had a motion for delayed appeal pending with the Ohio Supreme Court. (Id.) A petitioner seeking federal habeas relief must exhaust his available State court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). On February 3, 2023, Hymes filed an opposition to Respondent's motion to dismiss. (Doc. No. 8) Hymes argues that the Court should deny Respondent's motion to dismiss because, subsequent to the filing of the motion to dismiss, the Ohio Supreme Court denied Hymes' delayed appeal. (Id.) Attached to Hymes

1

opposition is a January 17, 2023, Judgment Entry from the Ohio Supreme Court denying Hymes' motion for delayed appeal. (Doc. No. 8 at 4) Respondent has not replied to Hymes' opposition and the time to do so has now passed. Because Respondent has not challenged Hymes assertion, the basis of Respondent's motion to dismiss (i.e., that Hymes had a pending delayed appeal with the Ohio Supreme Court) is no longer at issue. The Eastern District of Kentucky faced a similar issue in *Slone v. Meko*. No. CIV.A. 12-102-HRW, 2013 WL 5442085, at *2 (E.D. Ky. Sept. 27, 2013). Like Hymes, the petitioner in *Slone* filed his habeas petition while petitioner's case was still pending before the state's highest court. And, like this case, *Slone's* appeal was resolved prior to the Court ruling on respondent's motion to dismiss. The district court in *Slone* denied respondent's motion to dismiss as moot finding that "in the interest of economy, petitioner should not be asked to re-file his §2254 motion" and ordered respondent to respond substantively to petitioner's claims. For the same reasons, the undersigned recommends Respondent's motion to dismiss (Doc. No. 6) be DENIED AS MOOT and Respondent be ordered to respond substantively to Hymes' petition.

Dated: February 28, 2023

 *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** *See Berkshire v. Beauvais*, **928 F.3d 520, 530-531 (6th Cir. 2019).**