UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jason Hymes,

Petitioner,

v.

Harold May, Warden,

Respondent.

Case No. 1:22-cv-2010

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Petitioner Jason Hymes filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Mahoning County, Ohio Court of Common Pleas on charges of murder, felonious assault, and domestic violence.[1] (Doc. No. 1). Magistrate Judge Jonathan D. Greenberg reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 16). Hymes filed objections to Judge Greenberg's Report and Recommendation. (Doc. No. 18). For the reasons stated below, I overrule Hymes's objections and adopt Judge Greenberg's Report and Recommendation.

## II. BACKGROUND

Judge Greenberg summarized the factual and procedural history of this case. (Doc. No. 16 at 1-7). Briefly, a jury concluded Hymes assaulted his wife at two separate locations on the same

---

[1] Hymes is incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio, where Harold May currently is the warden. I hereby order that the Clerk of Court substitute May as the respondent in this case. *See* Fed. R. Civ. P. 25(d).

night, ultimately causing her death. Hymes was sentenced to a total of 22 years to life in prison. The Seventh District Court of Appeals of Ohio affirmed the verdict and sentence on direct appeal. *State v. Hymes*, 2021-Ohio-3439, 2021 WL 4452190 (Ohio Ct. App. Sept. 23, 2021). Hymes's appointed appellate counsel filed a motion to appoint counsel to pursue an appeal to the Supreme Court of Ohio, which was granted by a magistrate judge on October 7, 2021. (Doc. No. 6-1 at 185). But less than a week later, on October 13, 2021, the same magistrate judge *sua sponte* vacated the order granting the motion for appointment of counsel and denied the motion. (*Id.*). Notice was sent to counsel, but the record does not reflect whether Hymes also was notified. (*Id.* at 186).

In the brief period between appointment and revocation, Hymes's newly appointed counsel did not file a notice of appeal with the Supreme Court of Ohio. Hymes learned of this omission no later than August 1, 2022. (*Id.* at 167-68). He then filed a notice of delayed appeal with the Supreme Court of Ohio through counsel on November 7, 2022. (*Id.* at 159-60, 162-66).

Hymes does not object to Judge Greenberg's description of the factual and procedural background of his state court proceedings. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 16 at 1-7).

## III. Standard

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the

portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

### A. PROCEDURAL DEFAULT

Magistrate Judge Greenberg recommends I deny Hymes's petition because his grounds for relief are procedurally defaulted or, in the alternative, lack merit. I conclude Hymes's claims are procedurally defaulted and, therefore, need not reach the merits of his grounds for relief.

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)). The procedural default rule prohibits a habeas court from considering a federal claim if the last reasoned state court decision in the case "clearly and expressly states that [the decision] rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations and internal quotation marks omitted).

Hymes argues that once the Seventh District Court of Appeals appointed an attorney to represent him in an appeal to the Supreme Court of Ohio, "a constitutional duty for counsel to perform effectively attached." (Doc. No. 18 at 6). But, as Hymes implicitly concedes, the Sixth Amendment "does not entitle a defendant to the assistance of counsel for a discretionary appeal," such as a request that the Supreme Court of Ohio accept jurisdiction over an appeal of an appellate court's decision on direct appeal. *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009) (citation

omitted). And Hymes does not point to any case in which a court held that the appointment of counsel in a discretionary proceeding could expand the scope of the Sixth Amendment.

Further, even if Hymes could show he was entitled to the effective assistance of counsel before the Supreme Court of Ohio, that claim also is procedurally defaulted. Hymes states he learned of his appointed counsel's failure to pursue an appeal to the Supreme Court of Ohio no later than August 1, 2022. (Doc. No. 6-1 at 167-68). But he did not file a motion for leave to file a delayed appeal until more than 90 days later, on November 7, 2022. (*Id.* at 159-60, 162-66). A defendant must file a notice of appeal to the Supreme Court of Ohio within 45 days of the Seventh District's decision. Even if Hymes did not learn of the deadline to file an appeal until August 1, 2022, his failure to file an appeal within the 45-day deadline means he cannot demonstrate he suffered prejudice from his appointed attorney's failure to file a timely notice of appeal. *See, e.g., Baker v. Bradshaw*, 495 F. App'x 560, 564-66 (6th Cir. 2012) (holding petitioner's failure to file timely appeal was an adequate and independent state ground for procedural default and that petitioner failed to establish cause and prejudice to excuse procedural default where petitioner did not file notice of appeal within 45 days of his delayed learning of the earlier denial of his direct appeal); *McClain v. Kelly*, 631 F. App'x 422, 429-31 (6th Cir. 2015) (holding same regarding untimely Rule 26(B) motion for delayed appeal).

I conclude Hymes's grounds for relief are procedurally defaulted and overrule his objections to Judge Greenberg's Report and Recommendation.

### B. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Hymes's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## V. CONCLUSION

For the reasons stated above, I overrule Hymes's objections, (Doc. No. 18), to Judge Greenberg's Report and Recommendation, (Doc. No. 16), and adopt the Report and Recommendation in full. I conclude Hymes's grounds for relief are procedurally defaulted.

I also conclude Hymes fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge